IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS, <br> ID # 02253451, <br> Plaintiff, | § § § § | |
| v. | § § | No. 3:25-CV-79-G-BW |
| JOHN DOE, <br> Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is a pleading received from John Francis on January 10, 2025, which has been construed as a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 3.)  Based on the relevant filings and applicable law, the Court should **DISMISS** the complaint without prejudice for improper venue.

## I. BACKGROUND

Francis, a Texas state prisoner incarcerated in the Powledge Unit of the Texas Department of Criminal Justice ("TDCJ"), filed a complaint that appears to be a list of daily events that took place from December 29 to 31, 2024, with which he takes issue.  (*See id.* at 1-2.)  He filed a separate pleading listing daily events from January 1 and 2, 2025, with which he also takes issue.  (*See* Dkt. No. 4.)  Specifically, he complains about being patted down when he went to the prison law library and after a mealtime, counts and ID checks, insufficient food quantities, meat, and snacks

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

during some mealtimes and no coffee for his kidneys, the lights being turned on at 12:53 a.m. on December 31, being rushed in the mailroom by an officer who was rude, and not having various hygiene supplies or being able to communicate with anyone outside the TDCJ for a year. (*See* Dkt. No. 3 at 1-2; Dkt. No. 4 at 1.) In his cover letter, Francis states that he "would like to file a major complaint to this Court due to my rights being sever[e]ly violated," and generally alleges that the TDCJ is not providing treatment for his cancer and does not have what is needed. (Dkt. No. 3 at 3.) Francis therefore appears to be challenging the conditions of his current confinement and the medical care provided to him by the TDCJ.

    Since February 2024, Francis has filed over 20 civil actions in this Court using the same format—a daily list of events accompanied by a letter seeking to file a complaint. He has not filed an application to proceed in forma pauperis, paid the applicable filing fee, or filed a complaint that satisfies the minimum pleading requirements of Federal Rule of Civil Procedure 8(a) in any of those cases. His cases thus far have been dismissed for lack of prosecution, dismissed due to improper venue, transferred to another district, or dismissed as frivolous and for failure to state a claim, and screening is pending on his remaining cases. The Court also has now warned Francis that if he persists in filing frivolous or baseless lawsuits, he may be barred from bringing any new action or he may be subject to other sanctions the Court deems appropriate. *See Francis v. FNU LNU*, No. 3:25-CV-209-S-BK, Dkt. No. 7 (N.D. Tex. Mar. 4, 2025); *Francis v. NFN Doe*, No. 3:24-CV-3261-S-BK, Dkt. No. 7 (N.D. Tex. Mar. 4, 2025).

## II.  VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the claims Francis appears to raise in his complaint.  *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989).  Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.  Pursuant to 28 U.S.C. § 1406(a), a district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue only if it is in the interest of justice to make such a transfer.  *See* 28 U.S.C. § 1406(a).  A district court may raise the issue of venue sua sponte.  *See, e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

Here, Francis does not cite any basis for venue in this district; he does not name any defendant—much less allege any facts showing that any defendant resides in the Northern District of Texas—nor does he allege that any part of the events or omissions that gave rise to his claims occurred in this district.  Rather, the events and omissions upon which Francis bases his claims appear to have occurred at the Powledge Unit of the TDCJ in Palestine, Texas, where he is incarcerated.  (*See* Dkt. No. 3 at 1-2; Dkt. No. 4 at 1); TDCJ Inmate Information Search, *available at* https://inmate.tdcj. texas.gov/InmateSearch/start (last visited Mar. 21, 2025).  The Powledge Unit is located in Anderson County, Texas, which lies within the Tyler

Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1). There is no indication that venue lies within this district.

In light of Francis's frequent filings in this Court, and because he continues to file cases in this improper venue despite multiple transfers of his cases by this Court to a proper venue and his threadbare allegations fail to identify a defendant or constitutional violation, it is not in the interest of justice to transfer this case. *See* 28 U.S.C. § 1406. The Court therefore should exercise its discretion to dismiss this case rather than transfer it.

### III.  RECOMMENDATION

The Court should **DISMISS** Francis's complaint, received on January 10, 2025 (Dkt. No. 3), without prejudice for improper venue.

**SO RECOMMENDED** on March 21, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).